**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF NEW YORK, TOWN OF LLOYD COURT** | **1:09-CV-684 (GLS/DRH)** |
|                        **Plaintiffs,** | |
|                 v. | |
| **JEFFREY BURFEINDT, JEFFREY-CHARLES,** | |
|                        **Defendants.** | |

_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

NO APPEARANCE ON RECORD

**FOR DEFENDANTS:**

JEFFREY BURFEINDT
JEFFREY-CHARLES
*Pro Se*
General Post-Office
Clintondale, NY 12515

**Gary L. Sharpe**
**U.S. District Judge**

## SUMMARY ORDER

The Clerk has sent to the court for review a notice of removal filed

pursuant to 28 U.S.C. §§ 1441 and 1446 by defendants Jeffrey Burfeindt and Jeffrey-Charles.  (Dkt. No. 1.)  Also before the court is defendants' motion to proceed *in forma pauperis*.  (Dkt. No. 2.)

Defendants' motion to proceed *in forma pauperis* is granted. However, a review of the notice of removal convinces the court that remand is required here.  Under 28 U.S.C. § 1441, removal of a state court action to federal court is proper only if the action falls within the original subject matter jurisdiction of the federal court.  *See Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 485-86 (2d Cir. 1998). Here, the court's original subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331,[1] which provides federal jurisdiction over cases involving federal law.  However, the notice of removal is otherwise completely incoherent, and is not accompanied by a complaint.  Thus, the court cannot discern what the nature of the state action is, whether it actually implicates issues of federal law, or even whether it is a criminal or civil case. Accordingly, as bald assertions of federal jurisdiction will not support removal, *see, e.g., Cashman v. Rosenberger*, No. 105CV0640GLSDRH,

---

[1] The court has also considered whether jurisdiction exists under 28 U.S.C. § 1332. However, there is no indication of the citizenship of the parties or the amount in controversy in any of the submissions.  As such, reliance on this jurisdictional provision would also fail.

2

2005 WL 1331127, at *1-2 (N.D.N.Y. June 1, 2005), the court remands this action *sua sponte* to the state court pursuant to 28 U.S.C. § 1447(c).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the petition for removal (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that this matter be **REMANDED** to the state court in which the proceeding was commenced; and it is further

**ORDERED** that the Clerk of the Court serve a certified copy of this Order to the state court; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

**Dated: July 15, 2009**

_____
United States District Court Judge